**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**WALTER DUANE WHITE,**

      **Plaintiff,**

**v.**                              **Civil Action No. 2:07cv15**
                                           **(Judge Maxwell)**

**UNITED STATES OF AMERICA, et al.,**

      **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO AMEND**

On February 14, 2007, the *pro se* plaintiff, Walter White, a federal inmate, filed a Bivens'

complaint.  On May 17, 2007, he filed an Addendum/Memorandum in which he added an additional

defendant.  On June 11, 2007, he filed a Motion to Amend Claim in which he cites Rule 15(a) of the

Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading

once as a matter of course at any time before a responsive pleading is served..  Otherwise a party may

amend the party's pleading only by leave of court or by written consent of the adverse party; and leave

shall be freely given when justice so requires.  Because the plaintiff has already amended his complaint

by adding an additional defendant, he requires leave of court to further amend his complaint.

In his motion, the plaintiff  requests that this Court allow him to "amend" his complaint by

dismissing the United States of America, U.S. Department of Justice, Federal Bureau of Prisons, and

1

FCI Gilmer as defendants. A Bivens cause of action is only available against federal officers in their individual capacities and cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Therefore, as noted by the plaintiff in his motion, the United States of America, Department of Justice, Federal Bureau of Prisons, and FCI Gilmer cannot be sued by the Plaintiff in a Bivens action and his motion is proper in that respect.

In addition, the plaintiff apparently seeks to amend his complaint by adding an additional claim against the individual defendants dealing with access to the Health Services Department during inclement weather. However, the plaintiff did not exhaust his administrative remedies regarding this claim until after his complaint was filed. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005). The plaintiff cannot circumvent that requirement by amending his complaint to include incident reports which he failed to exhaust prior to filing the complaint.

Accordingly, the petitioner's Motion to Amend (Doc.20) is **GRANTED** with respect to his request to dismiss the United States of America, U.S. Department of Justice, Bureau of Prisons, and FCI Gilmer as defendants and the Clerk is directed to terminate these defendants. The plaintiff's motion to amend (Doc. 20) is **DENIED** without prejudice in so far as it seeks to add an additional claim against the individual defendants regarding access to the Health Services Department during inclement weather.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the plaintiff at his last known address as reflected on the docket sheet.

DATED: 10/16/07

 /s/ James E. Seibert         
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE